DOWNING v. BROOKS.

1. FRAUDULENT CONVEYANCES—HUSBAND AND WIFE—SOLVENCY.
A conveyance to a wife, the consideration for which was paid by the husband, who was solvent, was not in fraud of creditors.[1]

2. SAME—DISCHARGE OF DEBT.
A creditor of the husband cannot complain of said conveyance where he afterwards paid the indebtedness then owing and later contracted a second debt.

3. SAME—HUSBAND AND WIFE.
Nor can the conveyance be attacked as in fraud of creditors, where the consideration for the same was equal in value to the amount of a debt owing by him to her.

4. SAME—THIRD PARTIES—GOOD FAITH.
Conveyances and mortgages by a debtor and his wife to third persons who were acting in good faith and without notice of the rights of creditors, the abstract of title not disclosing any interest of complainant, who had no judgment or decree against the debtor, cannot be attacked as fraudulent.

Appeal from Barry; McDonald, J., presiding. Submitted October 24, 1916. (Docket No. 3.) Decided December 22, 1916.

Bill by Theodore C. Downing against Myron B. Brooks, Edward A. Fiebach, Farmers' & Merchants' Bank of Nashville, William L. Chase, executor of the last will of Ida A. Brooks, deceased, James E. Birney, and others, in aid of execution. From a decree dismissing the bill, complainant appeals. Affirmed.

[1]Authorities discussing the question of transactions between husband and wife and other relatives as fraud on creditors, are collected in a note in 32 L. R. A. 67.

*Colgrove & Potter,* for complainant.

*W. S. Powers,* for defendant Brooks.

*Thomas. Sullivan (Charles W. Nichols,* of counsel), for defendants Fiebach, Farmers' & Merchants' Bank, and Chase.

*Warner & Raudabaugh,* for defendants Birney.

BROOKE, J. The bill of complaint filed in this case is of extreme length, giving in detail the dealings between the plaintiff and defendant Brooks, as well as setting forth the dealings between defendant Brooks and the other parties. It seems to have been filed with a double aspect, in aid of execution and as a judgment creditors' bill. A demurrer interposed on behalf of defendant Brooks was sustained, and from this order no appeal was taken.

The contest in the court below centered about the claim of the plaintiff that the defendant Brooks and his wife fraudulently disposed of certain real estate for the purpose of defeating plaintiff's claim, and that the defendants Fiebach, the Farmers' & Merchants' Bank, and Chase, as executor of the estate of Ida A. Brooks, were active participants in said fraud.

The learned circuit judge who heard the case disposed of the questions involved upon the merits. After a careful perusal of the very voluminous record, we have no hesitation in agreeing with his conclusions. The opinion filed by him, though brief, is concise and sufficiently full to advise the parties in interest and the profession of the questions involved and the conclusions reached. We, therefore, adopt it as our own.

"This suit has grown out of a series of business transactions between defendant Myron B. Brooks and Barry and Downing, at one time bankers of Nashville, Mich. The result of their dealings was that in May, 1906, Brooks was indebted to them in the sum of $5,-463.44 and in payment thereof conveyed to them cer-

tain property and paid $263.44 in cash. At the time of this settlement a part of the property conveyed which was known as the evaporator property was resold to Brooks upon land contract for a consideration of $4,700. A couple of years later the evaporator buildings were destroyed by fire, and Brooks then ceased to make further payments on the contract. The complainant, who is the surviving partner of Barry & Downing, began foreclosure proceedings, and on the 19th of September, 1913, obtained a decree, in which it was determined that there was due on the contract the sum of $7,225.76, and in which a sale of the property was ordered. After the amount realized from the sale was deducted there was a deficiency of $5,880.45, for which Mr. Brooks was personally liable. Execution was issued and levies made on certain parcels of real estate which Brooks and his wife, Ida Brooks, had recently conveyed to Birney Bros., and to Edward A. Fiebach. The complainant then filed this bill in aid of execution, alleging that the conveyance to the Birneys on the 8th of March, 1912, and that to Edward A. Fiebach on the 11th day of February, 1913, were fraudulent and void as to his rights. That the Farmers' & Merchants' Bank, of Nashville, was a party to the fraudulent conveyance to the Birneys, and took an assignment from Mr. Brooks of the $1,500 mortgage given to secure part of the purchase price, knowing that Brooks was disposing of it so as to evade payment of his indebtedness to complainant. The defendants all answered, denying the allegations of fraud stated in the bill, and defendant Brooks demurred to paragraphs 12, 13, 14, 15, 16, and 17, which demurrer has been heretofore heard and sustained, and the effect of which is that complainant cannot recover in this action equitable interests, debts, choses in action, leasehold interests, stocks, and securities. These claims of the parties, which are here only briefly stated, present the issues involved in this hearing.

"The allegations in the bill relative to the conveyance to Edward A. Fiebach are not sustained by the evidence.

"This property formerly belonged to the estate of George R. Howell, deceased. Mr. Brooks bought up claims against the estate, amounting to $1,459.53. In

January, 1902, in consideration of these claims and other property, he received a deed from Amanda Howell, the widow, and Hazel Howell, a daughter. This deed was not recorded, and was subsequently returned to the grantors. Amanda Howell had a life estate, and Hazel was a minor. When Hazel became of age, she repudiated this deed, and under a new arrangement as to consideration joined her mother in a quitclaim to Ida Brooks on July 26, 1905, and Ida Brooks conveyed to Fiebach February 11, 1913. In view of the undisputed evidence, it cannot be claimed that there was any bad faith in these transactions as to this property. Ida Brooks got her deed in 1905. At that time, her husband, Myron B. Brooks, was solvent, as is evidenced by the fact that in May of the following year he had sufficient unincumbered property, apart from the Howell property, to fully pay his indebtedness to the complainant. But this transaction with his wife cannot be questioned for two other reasons: *First,* that he afterwards actually paid the indebtedness due complainant at that time; and, *second,* because it conclusively appears from the evidence that at the time he was in fact indebted to his wife, Ida A. Brooks, in an amount equal to the value of the property.

"The allegations in the bill relative to the transaction between Brooks, Birney Bros., and the Farmers' & Merchants' Bank, of Nashville, are not sustained by the evidence. Mr. Brooks may have intended to dispose of his property to avoid the payment of his indebtedness to complainant, but so far as Birneys and the bank are concerned the good faith of the transaction cannot be questioned. The evidence shows that the Birneys paid full value for the property; that the abstract of title submitted to them did not disclose any interest of complainant, that they had no knowledge of his claims, and that as a matter of fact complainant at that time had no judgment or decree against Brooks. As to the bank there is no evidence that Mr. Hough, the cashier, who was acting for it, had any knowledge or information, or reason to believe, that the dealings between the Birneys and Mr. Brooks were fraudulent. They were not fraudulent. The bank was acting in the customary way and in line with its business, and

did not knowingly participate in any fraudulent attempt to defeat complainant in his efforts to collect his indebtedness from Mr. Brooks.

"For the reasons above stated a decree may be entered, dismissing the bill of complaint, with costs to be taxed."

The decree is affirmed, with costs of both courts.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred. PERSON, J., did not sit.